**In the Matter of Kirk ABRAHAMS.**

**No. C8–86–1250.**

Court of Appeals of Minnesota.

Oct. 7, 1986.

---

William Lubov, Kimball Foster, 2445 Park Avenue, Minneapolis, for Abrahams.

Thomas Johnson, Hennepin Co. Atty., Glen Boyce, John Owen, Asst. Co. Attys., Minneapolis, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LANSING and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant, his commitment continued in a new proceeding, asks to be released due to the absence of a 60 day hospital report. We affirm but remand.

## FACTS

In 1984, appellant was charged with indecent exposure, found incompetent to proceed to trial, and referred for commitment proceedings. He was committed to Anoka State Hospital (now Anoka Metro Regional Treatment Center) as a mentally ill person. Following a six month review hearing, the commitment was continued until February 28, 1986.

A new commitment petition was filed by the treating facility on February 24, 1986. A statement in support of the petition by a senior staff physician at Anoka related appellant's diagnosis of schizophrenia, his recent history of assaultive, destructive, and sexually inappropriate behavior, and his sporadic compliance with medications. The court-appointed examiner agrees that appellant was mentally ill and suffering from schizophrenia.

In March 1986, Abrahams was again committed to Anoka as a mentally ill person. No term of commitment was determined. In June, Abrahams' attorney moved to dismiss the commitment, arguing the treating facility was required to file a 60 day report in continued commitment cases, just as in the prior commitment. That motion was denied and this appeal followed.

## ISSUES

1. Is a 60 day treatment report required when commitment of a mentally ill patient is renewed in a second proceeding?

2. Did the trial court err in omitting a decision on the duration of appellant's current treatment?

## ANALYSIS

1.

Mentally ill, mentally retarded, and chemically dependent persons may initially be committed for up to six months. Minn. Stat. § 253B.09, subd. 5 (1984). "At least 60 days, but not more than 90 days, after the commencement of the initial commit-

ment of a person * * *, the head of the facility shall file a written report with the committing court[.]" *Id.* This report must include the patient's diagnosis, the anticipated discharge date, a treatment plan, and other enumerated data. *Id., see* Minn.Stat. § 253B.12, subd. 1.

Unlike the later pretermination report, "no hearing shall be required" upon filing of the 60 day report. Minn.Stat. § 253B.09, subd. 5.

> If no written report is filed within the required time, or if it describes the patient as not in need of further institutional care and treatment, the proceedings shall be terminated by the committing court, and the patient shall be discharged from the treatment facility. If the person is discharged prior to the expiration of 60 days, the report required by this subdivision shall be filed at the time of discharge.

*Id.*

If the 60 day report indicates the patient needs further hospitalization, the next report will be filed by the treating facility six months after the initial commitment order (or prior to termination of the initial commitment period, if an initial period of less than six months was ordered). Minn.Stat. § 253B.12, subd. 1. The committing court will then hold a hearing to determine whether the commitment should be continued. *Id.*, subd. 4. If continued commitment is ordered, "the court shall determine the probable length of commitment necessary" and may continue the commitment for up to 12 months. Minn.Stat. § 253B.13, subd. 1.

> At the conclusion of the prescribed period, commitment may not be continued unless a new petition is filed pursuant to section 253B.07 and hearing and determination made on it. Notwithstanding the provisions of section 253B.09, subdivision 5, the initial commitment period under the new petition shall be the probable length of commitment necessary or 12 months, whichever is less.

*Id.*

The provisions of section 253B.09, subd. 5 provide a maximum term of six months

for the initial commitment and require the filing of the 60 day report. Appellant argues the quoted language of section 253B.13, subd. 1 modifies only the provision of section 253B.09 concerning the length of the initial commitment in a renewed commitment case and does not affect the reporting requirement.

The evident purpose of the 60 day report during the initial commitment period is to provide for early termination of an unnecessary commitment, based on the studied views of hospital staff. The Minnesota Commitment Act provides substantial safeguards to avoid committing persons who are not actually mentally ill as defined by statute.

This early review may not be vital in renewed commitment cases, and the legislature suspended the provisions normally applicable to initial commitments. Appellant had been under commitment for 18 months when the petition for his continued commitment was filed. The petition was brought by the treating facility and supported by appellant's treating physicians. His medical records included a plan for treatment of his mental illness. That treatment plan has been reviewed at least quarterly by treating personnel. *See* Minn.Stat. § 253B.03, subd. 7.

■ It is not at all likely a treating facility will discover that a renewed commitment order was ill-advised. At this point, 18 months of evaluation and treatment have led to the opposite conclusion and prompted the facility to seek renewed commitment. The legislature recognized this by providing that the initial commitment period for a renewed commitment is the probable time needed to treat the patient, up to 12 months, "[n]otwithstanding the provisions of section 253B.09, subdivision 5," rather than the six month term permitted for the first commitment. Minn.Stat. § 253B.13, subd. 1. The legislature thus drew an exception to the "provisions" of section 253B.09. For renewed commitments, there

is no six month limit and no 60 day report. A report and hearing are required before expiration of the initial renewed period, which may be 12 months, but not before.

## 2.

 In its renewed commitment order (March 1986), the trial court determined that appellant "be committed," but stated no decision on the length of the commitment. This order is irregular and deprives appellant of fundamental protections under the Minnesota Commitment Act of 1982.[1]

The duration of a renewed commitment "shall be the probable length of commitment necessary or 12 months, whichever is less." Minn.Stat. § 253B.13, subd. 1. As we have observed, these commitments do not involve a 60 day report because medical uncertainty is greatly reduced where a renewed commitment proceeding occurs. The availability of medical information for the renewed commitment case also enables the judiciary to make an appropriate decision on the duration of further hospitalization.

The commitment act contains no arbitrary provisions for the duration of treatment. There is not a fixed six month initial hospitalization in original commitment cases; rather, the committing court is obligated to make use of available medical facts to determine a duration for hospitalization which "shall not exceed six months." Minn.Stat. § 253B.09, subd. 5 (1984). Continued commitment in original cases is not for a fixed term of 12 months but for the "probable length of commitment necessary," which the court "shall determine," or for 12 months, "whichever is less." Minn.Stat. § 253B.13, subd. 1. Consistently, a renewed commitment may not be for 12 months unless medical evidence is explored and it is determined that there is no shorter durational need. *Id.*

In sum, findings and conclusions in a commitment order cannot be silent on the duration of stay. The error in the March 1986 determination must be corrected and the case is remanded for that purpose. It is unclear whether the record in the case was sufficiently developed to make a finding on the necessary duration, and the trial court may elect to open the record as necessary.

## DECISION

The trial court properly denied appellant's motion to dismiss the commitment, since the treating facility is not required to file a 60 day report after appellant's renewed commitment. The trial court must determine the duration of appellant's renewed commitment.

Affirmed but remanded.

---

1. There was no appeal on the trial court order issued in March 1986. This order affects the later judicial proceedings on the duration of the commitment, and we review the order under Minn.R.Civ.App.P. 103.04.